UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| WANDA REAGEN, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AURORA LOAN SERVICES, INC., a Delaware Corporation; AEGIS WHOLESALE CORPORATION, a Delaware Corporation; CAPITAL LINE FINANCIAL, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: 1:09-cv-00839-OWW-DLB<br><br>**ORDER GRANTING IN PART DEFENDANT AURORA LOAN SERVICES, INC.'S MOTION TO DISMISS**<br><br>Hearing Date: November 2, 2009<br>Time: 10:00 a.m.<br>Dept.: Courtroom #3 (7th Floor)<br>Judge: Hon. Oliver W. Wanger<br><br>Complaint Date: May 11, 2009<br>Trial Date: Not Set |

The motion of Defendant Aurora Loan Services, Inc. ("Aurora") to dismiss the complaint of Plaintiff Wanda Reagen pursuant to FRCP 12(b)(6) was heard before the Honorable Oliver W. Wagner on Monday November 2, 2009 at 10:00 a.m. in Department 3 of the above-entitled Court.  Jane K. Lee appeared for Aurora.  David Shapiro specially appeared for Plaintiff.

Based on the motion to dismiss, the accompanying memorandum of points and authorities, the request for judicial notice, the complaint, and further briefs, evidence, authorities and argument presented before or at the hearing of these motions, and good cause appearing,

IT IS HEREBY ORDERED as follows:

1.     The Court hereby GRANTS WITH PREJUDICE Aurora's motion to dismiss as to Plaintiff's first cause of action for rescission pursuant to the Federal Truth In Lending Act. Plaintiff alleges that the Truth In Lending Disclosure Statement ("TILDS") failed to reveal that the loan would negatively amortize and that "other disclosures in the loan documentation make it unclear that Negative Amortization will occur" and claims that the Note misleadingly states that the Interest Rate "has the possibility of increasing," when in reality "it is assured that this rate will increase."  (Compl. ¶ 11.)  Plaintiff further alleges that Defendant Aurora purchased the loan after the transaction was complete, with full knowledge that it was a "negative amortization loan" containing patent disclosure violations.  (Compl. ¶ 12.)  Plaintiff primarily seeks rescission of the "consumer contract transaction" under TILA, injunctive relief, statutory damages, and restitution of all monies unlawfully obtained from her.  (Compl. ¶ 12.)  The Court finds that Plaintiff's TILA claim is time-barred.  The Court further finds as follows:

    a.     It is determined that the failure to adequately disclose the risk of negative amortization is not a material disclosure and does not entitle Plaintiff to the extended three-year statute of limitations for rescission under the loan.  12 C.F.R. § 226.23 n.48, 12 C.F.R. Pt. 226, Supp. I ¶ 23(a)(3)-2.

    b.     It is also determined that here, the TILDS disclosed that Plaintiff's loan contained a variable-rate feature.

- 1 -

PDF created with pdfFactory trial version www.pdffactory.com

      c.      The disclosure for certain variable rate transactions "must be provided at the time of the application form is provided or before the consumer pays a non-refundable fee, whichever is earlier." It does not require the disclosure to be made in the TILDS itself. Moreover, Federal Reserve Board Official Staff Commentary, [Regulation Z; Docket No. R-08631] Monday April 3, 1995" states no such requirement.

      d.      Section 12 C.F.R. § 223.23(a)(3) governs whether the three-year statute of limitation for rescission is granted, not Section 12 C.F.R. § 226.19. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (citing 12 C.F.R. § 223.23(a)(3) for the proposition that "[i]f the requirement notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation..."); *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) ("Th[e] right of rescission is further explained in Section 226.23(a)(3) of Regulation Z of the Federal Reserve Board." Moreover, Plaintiff citation of *Plascencia, Ralson*, and *O'Donnell* are not helpful to Plaintiff's claim for rescission because these cases involved prayers for damages under TILA (applying the one-year statutes of limitations period), not rescission. These cases also never addressed the issue of "materiality" under Section 226.23(a)(3). *Plascencia v. Lending 1st Mortg.,* No. C-07-4485-CW, 2008 WL 1902698 (N.D.Cal. Apr. 28, 2008), *Ralston v. Mortgage Investors Group, Inc.*, No. C-08-536-JF, 2009 WL 688858 (N.D.Cal. Mar. 16, 2009), and *O'Donnell v. Bank of America*, No. C-07-04500-RMW, 2009 WL 0765670 (N.D. Cal. Mar. 20, 2009).

      e.      Cases analyzing Section 226.23(a)(3)'s materiality provisions universally hold that a plaintiff is "not entitled to rescind his loan transaction due to defendants' alleged failure to disclose the risk of negative amortization." *See Chetal v. American Home Mortg.,* No. C-09-02727-CRB, 2009 WL 2612312 (N.D. Cal.Aug. 24, 2009); *Jordan v. Paul Fin., LLC*, ---F.Supp.2d ---, 2009 WL 1941561 (N.D.Cal. 2009); *Mandrigues v. World Savings, Inc.,* No. –CV-4497-FJ, 2009 WL 160213 (N.D. Cal. Jan. 20, 2009; *McCucheon v. America's Servicing Co.,* 560 F.2d 143, 150 n.6 (3rd Cir. 2009).

PDF created with pdfFactory trial version www.pdffactory.com

      f.     There is no dispute that the loan originator and broker disclosed to Plaintiff that her loan contained a variable-rate feature.  Notice of the adjusted-rate features of the loan satisfies Section 226.23(a)(3) and ends the "materiality" inquiry.

      g.     Even assuming arguendo, that Defendants otherwise violated TILA by failing to adequately disclose the risk of negative amortization, which is not true, such a violation is not "material" and does not entitle Plaintiff to the extended three-year statute of limitations for rescission of the loan.  *See McCutcheon*, 560 F.3d at 150, no. 6.

      h.     Based on the foregoing, and consistent with Section 226.23(a)(3) and the *Jordan*, *Mandrigues*, *Chetal*, and *McCutcheon* cases, Plaintiff is not entitled to rescind her loan transaction due to the alleged failure to disclose the risk of negative amortization.  Because Plaintiff has failed to identify a TILA violation as to the disclosure of negative amortization, she has failed to demonstrate a right to rescind the loan within three years, instead of the standard three days.

2.     Plaintiff's second cause of action regarding Business and Professions Code Section 17200 is dismissed without prejudice to refiling in state court.

3.     Plaintiff's third cause of action regarding financial elder abuse is dismissed without prejudice to refiling in state court.

IT IS SO ORDERED.

Dated:  November 17, 2009         /s/ OLIVER W. WANGER
                                            Hon. Oliver W. Wagner
                                            UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com